JUSTICE COTTER
concurs and dissents.
¶47 I concur in the Court’s disposition of Issue One, and concur in part but dissent in part with respect to the Court’s resolution of Issue Two. I would reverse and remand for trial White’s claim of common-law bad faith and his request for parasitic emotional distress damages arising out of that tort.
¶48 I begin my analysis with a review of the District Court’s order of summary judgment in favor of State Fund on White’s claim for *15 common-law bad faith. In its order, the District Court states that White has failed to set forth what actions he claims constitute common-law bad faith, and concludes that his claim must be premised upon State Fund’s decision to terminate benefits. I respectfully disagree with this conclusion.
¶49 White’s First Amended Complaint was comprised of fifteen counts. The complaint contained preliminary allegations with respect to jurisdiction, venue, and ‘Facts Common to All Counts.” The latter portion of the complaint described in detail the surveillance conducted by State Fund, the request by the undercover investigator that White build him a cedar chest, and the fact that White was ultimately prosecuted criminally but acquitted of the charges against him. The complaint then proceeded with the first eight counts of the complaint, which were premised upon claims that State Fund violated varying provisions of Montana’s Insurance Code. In those counts, White alleged that State Fund bullied him and engaged in fraud, deception, and entrapment when terminating his benefits and subjecting him to prosecution.
¶50 Count Nine of the First Amended Complaint is entitled ‘Common Law Bad Faith.” The first sentence of that count states: ‘Plaintiff re-pleads all paragraphs set forth in this Complaint as if fully set forth herein.” White alleges in Count Nine that the defendant engaged in common-law bad faith by failing to act in good faith and fair dealing, and asserts that the defendant’s actions which constitute bad faith “are more fully set forth in the preceding allegations.” He argues that as a direct and proximate cause of the defendant’s behavior, he has suffered and continues to suffer emotional and financial loss. White’s complaint put State Fund on clear notice that he was challenging the good faith of State Fund’s program of surveillance and ostensible entrapment. The District Court ignored these allegations set forth in the complaint when it held that White had failed to specify what acts on the part of State Fund constituted bad faith.
¶51 This Court likewise errs when it concludes that White’s common-law bad faith claims must fail because State Fund had a reasonable basis in law for terminating White’s benefits. The Court infers that the termination of White’s benefits is the sine qua non of his common law bad faith action. Opinion, ¶ 26. However, this contention is belied by the very authorities set forth in ¶ 24 of the Court’s Opinion, where the Court concedes that ‘Ia]n insurance company’s ‘duty to act in good faith with [its] insureds... exists independent of the insurance contract and independent of statute;’ ” and that a claim for bad faith may arise *16 if the insurer engages in ‘tortious conduct... during the processing and settlement of a workers’ compensation claim.”
¶52 As the Court further correctly notes, whether an insurer’s conduct is reasonable is a task best left to the jury. Opinion, ¶ 24. The Court errs, however, when it concludes that it was appropriate for the District Court to determine whether State Fund’s actions were reasonable as a matter of law. Opinion, ¶ 26. To the contrary, White set forth specific facts in support of his claim of bad faith, and raises a genuine issue as to whether State Fund’s conduct was tortious. Birkenbuel v. Mont. St. Compen. Ins. Fund, 212 Mont. 139, 143-44, 687 P.2d 700, 702 (1984). I would therefore conclude that the question of whether an insurer’s program of surveillance and ostensible entrapment is reasonable is a question of fact best left to the jury.
¶53 Because I would remand with instructions that White be permitted to proceed to trial on his common-law bad faith claim, I address the issue of damages. White alleged throughout his complaint that he has suffered and will continue to suffer emotional distress as a result of the actions of State Fund. In entering summary judgment against White on his claims for emotional distress, the District Court acknowledged White’s argument that emotional distress need not be “severe” in order to qualify as an element of damages for a tort such as bad faith. The court stated in its order of summary judgment: ‘That may be true, but that is not the State Fund’s motion. State Fund moved to dismiss the ‘stand alone’ torts of negligent or intentional infliction of emotional distress.” The District Court was correct in this regard. State Fund moved only to dismiss the stand-alone claims; it did not seek to dismiss a claim of parasitic damages for emotional distress arising out of a tort. Likely, the District Court did not further address White’s claims for parasitic emotional distress because it concluded that none of White’s tort claims could survive dismissal or summary judgment.
¶54 This Court upholds the dismissal of plaintiff s stand-alone claims for negligent or intentional infliction of emotional distress. I agree with this decision. However, because I would remand the common-law bad faith claim for trial, I would also allow White to press his claim for parasitic emotional distress arising out of the tort. As we stated in Jacobsen v. Allstate Ins. Co., 2009 MT 248, ¶ 66, 351 Mont. 464, 215 P.3d 649, “the ‘serious or severe’ standard announced in Sacco applies only to independent claims of negligent or intentional infliction of emotional distress.... As for emotional distress that is claimed as an element of damage for an underlying tort claim,... we hereby explicitly *17 adopt the standard set forth in the Montana Pattern Jury Instruction,” which states that Ttjhe law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress.” White’s claims for parasitic emotional distress arising from his common law bad faith claim should be considered by a jury.
¶55 I therefore would reverse and remand for trial White’s claim for common-law bad faith and his request for damages for mental and emotional distress arising from the tort. I dissent from our refusal to do so. I otherwise concur in the Court’s Opinion.